494 S.E.2d 927

**Christine COCHRAN, Individually and as Administratrix of the Estate of Charles J. Cochran, Plaintiff Below, Appellant,**

**v.**

**USLIFE CREDIT LIFE INSURANCE COMPANY, a Corporation; and White Chrysler–Plymouth–Dodge, Inc., a West Virginia Corporation, Defendants Below, Appellees.**

**No. 24027.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1997.

Decided Oct. 3, 1997.

cates that the child's father "disappeared" when  she was six years old.

Gregory W. Sproles, Breckinridge, Davis, Sproles & Stollings, Summersville, for Appellant.

James T. Cooper, Lovett, Cooper & Glass, Charleston, for Appellee White Chrysler–Plymouth–Dodge, Inc.

Mary H. Sanders, James C. Stebbins, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Appellee USLife.

PER CURIAM: [1]

▮ This is an appeal by Christine Cochran, appellant/plaintiff,[2] from a summary judgment order granted in favor of USLife Credit Life Insurance Company (USLife), appellee/defendant,[3] by the Circuit Court of Fayette County. Ms. Cochran contends that material issues of fact were in dispute, thereby making summary judgment inappropriate. We agree and reverse.

### I.

The record in this case shows that on May 22, 1989, Ms. Cochran and her now deceased spouse, Charles J. Cochran, went to White Chrysler–Plymouth–Dodge, Inc. (White), to purchase a vehicle. The couple purchased a 1988 Dodge. At the time of purchasing the vehicle White sold a life insurance policy to Mr. Cochran (Certificate number 4353674) and an accident and health insurance policy to Ms. Cochran. Ms. Cochran alleges that the policies were financed along with the purchased vehicle.[4] Mr. Cochran died in 1990. Subsequently Ms. Cochran contacted USLife. White acted as agent for USLife. Ms. Cochran requested payment of death benefits under the life insurance policy purchased by Mr. Cochran. USLife refused payment on the policy after alleging that no life insurance policy was issued to Mr. Cochran. Ms. Cochran filed suit against USLife and White. The circuit court granted the USLife's subsequent motion for summary judgment. This appeal followed.

### II.

▮ This Court's review of an order granting summary judgment is de novo. Syl.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. Ms. Cochran sued individually and as administratrix of the estate of Charles J. Cochran, her deceased spouse.

3. The complaint also joined White Chrysler–Plymouth–Dodge, Inc. as a defendant. The summary judgment order did not dismiss defendant White from the case.

4. USLife disputes Ms. Cochran's version of events. USLife contends that Ms. Cochran and Mr. Cochran were asked to return to White on May 23, 1989, for the purpose of tearing up the initial insurance policy coverages. According to USLife Ms. Cochran and Mr. Cochran were told by White on May 23, that a life insurance policy could not be issued to Mr. Cochran because he was retired from employment. A new policy was allegedly created wherein Ms. Cochran was issued a life insurance policy (she was employed) and accident and health insurance policy. USLife produced a financing statement dated May 23, which reflected both insurance coverages to Ms. Cochran. While not produced with the record, the new insurance coverage for Ms. Cochran reportedly had the certificate number 4353673. Ms. Cochran denies ever returning to White on May 23, and denies having knowledge of the purported insurance policy changes.

Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have previously indicated that "[t]he question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and *not how that issue should be determined.*" Syl. Pt. 5, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) (emphasis added). We also noted in syllabus point 6 of *Aetna*, that "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." The summary judgment order in this case reflects a determination by the circuit court on how material issues of fact should be determined. All of the material issues in this case have reasonable evidence on both sides which, under *Aetna*, should have been "resolved against the movant for [summary] judgment." [5] We, therefore, reverse the order granting summary judgment to USLife.

Reversed.

---

**5.** Without prejudicing the rights of any of the parties, we note that the case against USLife *may* be ripe for disposition on a proper motion for directed verdict at the close of all the evidence. *See* Syl. Pt. 1, *Masinter v. WEBCO Co.*, 164 W.Va. 241, 262 S.E.2d 433 (1980) ("Even if the trial judge is of the opinion to direct a verdict, he should nevertheless ordinarily hear evidence and, upon a trial, direct a verdict rather than try the case in advance on a motion for summary judgment.").